ORIGINAL

Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

MAY 27 PM 4 03

CLERK OF COURT

**IN THE SUPERIOR COURT
OF GUAM**

PEOPLE OF GUAM,                    )        Criminal Case No. CF0030-08
                                   )
                Plaintiff,         )
                                   )
        v.                         )        **DECISION AND ORDER**
                                   )        re: Motion to Suppress
MICHAEL ANTHONY PONDIVIDA          )
SANTOS,                            )
                                   )
                Defendant.         )
_____

This matter came before the Honorable Judge Michael J. Bordallo on March 24, 2009. The People were represented by Assistant Attorney General Brenda Mader. Defendant was represented by Attorney Sylvia L. G. Stake. Having reviewed the memorandum and papers presented, the court now issues the following decision denying Defendant's motion to suppress.

## BACKGROUND

On January 25, 2008, Defendant was indicted on four counts of First Degree Criminal Sexual Conduct, a First Degree Felony. The People assert that Defendant committed the acts supporting his indictment on or about December 27, 2007. These Acts were reported to a Department of Youth Affairs Staff Officer on December 16, 2007. After they were reported Defendant was placed in lock down. The Defendant was interviewed on January 17, 2008. The interview of the Defendant occurred between approximately 10:53 p.m. and 12:09 a.m. During his interview Defendant's Department of Youth Corrections Counselor, Kenneth Castro, was present.

## DISCUSSION

Defendant requests that the court suppress the all the statements he made prior to his arrest and exclude any and all evidence obtained indirectly from those statements. He supports this request with the assertion that prior to and during his pre-arrest interrogation:

ORIGINAL

1) he was improperly confined; 2) he was refused the assistance of legal counsel despite his multiple requests for an attorney; and 3) that he was pressured by his counselor to provide a statement to the police. Defendant argues that the standard applied in by the 1992 Colorado Supreme Court in *Robledo*, should be extended to require that a juvenile counselor's words and actions during a police interrogation be more strictly scrutinized or otherwise qualified. *People v. Robledo*, 832 P.2d 249, 251 (Colo. 1992).

The People have filed a memorandum in opposition to Defendant's request. In their opposition they deny the Defendant's assertions and argue that the Defendant's statement was made subsequent to a *Miranda* warning and voluntarily made.

In 2007 the Guam Supreme Court re-affirmed its test of voluntariness. *People of Guam v. Farata*, 2007 Guam 8, ¶46 (Sup. Ct. Guam 2007). It explained, "that the voluntary, knowing and intelligent nature of a *Miranda* waiver is to be gleaned from the totality of the circumstances, which includes 'the background, experience and conduct of the defendant.'" *Id*. (internal citations omitted). The *Farata* Court explained that "whether a Miranda waiver is not coerced and therefore valid depends on consideration of 'two distinct dimensions.'" *Id*.

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the 'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived.

*Id*.

Under the standard above the court is unable to find that Defendant's statement was coerced. At the hearing the Defendant did not provide the court with any evidence that the Defendant requested legal counsel or that his counselor acted in an intimidating or pressure-

inducing manner. He did not present any evidence to counter the People's presentation that Defendant knowing waived his right to counsel or that his pre-statement confinement was unusual or oppressive. The Defendant further failed to present the court with any evidence that the Defendant held his counselor in a position of special trust.

The court finds the statements of the People's witnesses of the Defendant's knowing waiver and voluntary statement to be sufficiently credible. It is unwilling to extend or create a new *Robledo*-like standard which would require, that prior to speaking to a defendant, a juvenile counselor's should first offer a *Miranda*-like caveat.

## CONCLUSION

For the reasons above Defendant's motion to suppress is denied. This mater is set for further proceedings on _____June_____ _04_, _____, 2009 at _9:00_ a m. SO ORDERED this 27 day of May 2009.

Honorable Michael J. Bordallo
Judge, Superior Court of Guam